GEORGE F. HARRINGTON *vs.* INHABITANTS OF LINCOLN.

The selectmen of a town, in the course of a conversation had with a person claiming damages for an injury occasioned by a defect in a highway, with a view to a compromise, offered to pay for his loss of time and actual expenses, and asked him what they would amount to. *Held,* that his statements in reply, of the amount of those items, if not made as offers upon which he was willing to settle, were admissible in evidence against him.

A party's admission to a third person of the amount for which he had offered to compromise an action is not admissible in evidence against him.

Testimony of a witness, upon cross-examination, that he had been tried for a crime in another state and acquitted, does not authorize the party calling him to introduce evidence of his general character for truth and integrity. Whether such evidence would be admissible, if it had not appeared that he was acquitted on that trial, *quære.*

ACTION OF TORT to recover damages occasioned to the person of the plaintiff by a defect in a highway. Trial at April term 1855, before *Bigelow,* J., who made the following report thereof:

" The defendants offered evidence of a conversation between their selectmen and the plaintiff, when the former asked the plaintiff how he would settle with the defendants. The plaintiff objected to any evidence of the statements made by him at this

interview, on the ground that they were made for the purpose of effecting a compromise. The court ruled that no offer, made by the plaintiff in the course of this conversation, for the purpose of settling this case, was competent; but that all statements and declarations of independent facts, relative to the issue, made by the plaintiff during this interview, were competent.

" Thereupon it was testified by the witness that the selectmen told the plaintiff they were willing to pay him for his loss of time and his actual expenses incurred in consequence of the accident; and asked the plaintiff what these items would actually amount to. The plaintiff, in reply to questions, then stated the amount of wages he was receiving per month at the time of the accident; how much time he lost in consequence of the accident; the amount of his doctor's bill; the cost of his board, while ill; the expense of nursing; and the amount due to his employer for his lost time. These items were not given by the plaintiff as offers upon which he was willing to settle, but as being his actual loss and expenses. To these statements the plaintiff objected, but they were admitted by the court.

" The defendants also offered in evidence the declaration of the plaintiff to a third person, of the amount for which he had at some previous time offered to settle with the town. This was objected to by the plaintiff; but it not being an offer of compromise, but only a declaration of the plaintiff to a third person, it was admitted.

" The defendants produced as a witness one John G. Clogston, who testified to facts material to the issue. Upon cross-examination, the counsel for the plaintiff asked this witness, for the avowed purpose of discrediting him, whether he had not been surrendered upon an executive warrant from the governor of New Hampshire by the governor of Massachusetts, and taken to the former state, where he had been indicted and tried for the crime of setting fire to his own barn, for the purpose of defrauding an insurance company. To this inquiry the counsel for the defendants objected at first, but before any decision upon the competency of the testimony, the objection was withdrawn, and thereupon the inquiry being repeated, the witness answered

in the affirmative, and also stated that he was acquitted on the trial of said indictment. In reply to this cross-examination, and in order to support the credit of their witness, the defendants offered evidence tending to show that the former reputation of said Clogston for truth and integrity was good. This evidence was objected to by the plaintiff, but was admitted.

" The jury returned a verdict for the plaintiff, [and assessed damages at twenty dollars.] If either of the foregoing rulings was erroneous, the verdict is to be set aside ; otherwise, judgment is to be entered on the verdict."

*B. F. Butler*, for the plaintiff. 1. The plaintiff's statement of sums and amounts was not made as a statement of independent facts, but in reply to an offer to pay these items of loss of time and expenses, accompanied by an inquiry what the amounts were, as a basis of settlement. It was equivalent to saying to the selectmen, " Your offer amounts to only the sums, which I name, which I do not choose to accept." A refusal of an offer of compromise can be no better evidence than the offer itself.

2. The law does not allow an offer of compromise to be proved, because the law encourages attempts at settlement, and because such offers are not the unbiassed action of the mind, but induced by hope of settlement and fear of litigation. The party's admission to a third person is only one means of proving the offer, and equally inadmissible with proof of the offer itself. Besides, it is wholly irrelevant to the issue between the parties, as it only tends to show for what sum the plaintiff was willing to adjust his claim.

3. The general rule laid down in 1 Greenl. Ev. (6th ed.) § 469, that by evidence of contradictory statements of a witness, or of the fact that he has been in the house of correction, or the like, his general character for truth is in some sort put in issue, and general evidence may be adduced, is not supported by the cases there cited; for *Rex* v. *Clarke*, 2 Stark. R. 241, (which is the foundation of the *dicta* in the text books,) is a case of rape, and not law as applied to any other cases; *Paine* v. *Tilden*, 20 Verm. 564, and *Sweet* v. *Sherman*, 21 Verm. 29, state the

rule as the law of Vermont only; and *Hadjo* v. *Gooden*, 13 Alab. 718, was decided by a court which held to the rule in the *Queen's case*, 2 Brod. & Bing. 297. Professor Greenleaf's rule is opposed by the current of the English authorities; though the English courts have made an exception in the case of witnesses attempted to be impeached for fraudulent attestations where the witnesses are dead. *Bishop of Durham* v. *Beaumont*, 1 Campb. 207. *Doe* v. *Walker*, 4 Esp. R. 50. *Doe* v. *Stephenson*, 3 Esp. R. 248. *Provis* v. *Reed*, 5 Bing. 435. It is also in conflict with the decision of this court in *Russell* v. *Coffin*, 8 Pick. 154, and with the law as held in Connecticut, New York and Georgia. *Rogers* v. *Moore*, 10 Conn. 13. *Merriam* v. *Hartford & New Haven Railroad*, 20 Conn. 354. *People* v. *Hulse*, 3 Hill, 309. *Starks* v. *People*, 5 Denio, 106. *People* v. *Gay*, 3 Seld. 378. *Stamper* v. *Griffin*, 12 Georgia, 450.

But in this case the impeachment failed, the witness was not contradicted, for his innocence of the crime of which he had been accused was established by his own answer, and so no issue as to his character was open.

*C. R. Train*, for the defendants. 1. The statement of the plaintiff, at the conversation with the selectmen, was rightly admitted, as an admission of independent facts. *Marsh* v. *Gold*, 2 Pick. 285. *Gerrish* v. *Sweetser*, 4 Pick. 377. *Dickinson* v. *Dickinson*, 9 Met. 471. *Waldridge* v. *Kennison*, 1 Esp. R. 143. 1 Greenl. Ev. § 192.

2. The declaration of the plaintiff to a third person was rightly admitted as an admission against his interest. 1 Greenl. Ev. § 171. *Parker* v. *Hill*, 8 Met. 447. *Smith* v. *Palmer*, 6 Cush. 520. *Hodges* v. *Hodges*, 2 Cush. 455.

3. The defendants had a right to support their witness Clogston, for the plaintiff had attempted to impeach him, and so put in issue his general character. 1 Greenl. Ev. (6th ed.) § 469, and cases cited. 1 Stark. Ev. (4th Eng. ed.) 252. *Rex* v. *Clarke*, 2 Stark. 241, not denied in *Russell* v. *Coffin*, 8 Pick. 154.

The decision was made at October term 1856.

THOMAS, J. 1. The first exception cannot be sustained The presiding judge ruled that no offer of settlement, made by the

plaintiff in a conversation had with the agents of the defendants, with a view to the adjustment of the controversy, was competent; but that statements of independent facts, made in the course of such conversation, might be admitted. The distinction is sound. The facts stated were capable of being proved by any competent evidence, including the admission of the plaintiff. The amount of a doctor's bill, the cost of board during sickness, the loss of time by absence from the service of his employer, were simple facts, capable of exact certainty—facts, the statement of which would not be modified by the occasion on which it was made, certainly not to the prejudice of the party making it.

The offer of compromise stands upon a very different ground. Peace is of such worth that a reasonable man may well be presumed to seek after it even at the cost of his strict right, and by an abatement from his just claim. The offer which a man makes to purchase it is to be taken, not as his judgment of what he should receive at the end of litigation, but what he is willing to receive and avoid it.

2. The evidence of the subsequent admission by the plaintiff of the offer of compromise which he had made was not competent. It was but one of the modes of proving a fact which, upon the soundest principles of public policy, cannot be proved at all. Such offers are not to be used to the prejudice of the party making them, in subsequent litigation upon the subject. If the plaintiff had made the offer of compromise in open town meeting, proof of it would have been excluded. His admission to his neighbor, upon his return from the meeting, that he had made it, is excluded for the same reason. It is not a particular mode of proof, which the law rejects, but the subject matter.

3. If the cross-examination of the witness Clogston showed that he had been charged with the commission of crime, it showed also that upon fair trial he had been fully acquitted. It left his character as it found it. We think, therefore, the evidence as to his reputation for truth and integrity should not have been admitted.

Had the effect of the cross-examination been otherwise, we

are not prepared to say the reputation of the witness for truth would have been put in issue. The doctrine stated in the text books has but slight foundation of authority to rest upon, and as matter of reason will not bear a very careful probing. The case, however, does not render a decision of the point necessary. *New trial ordered.*