ELEAZER H. ATWOOD & another *vs.* JOHN B. DEARBORN.

A suit against an officer to recover back goods attached by him as the property of one who is alleged to have purchased them of the plaintiffs by means of false representations may be maintained without proof that the attaching creditor knew of the fraud; and evidence of the good reputation of the purchaser for honesty and moral worth is inadmissible in defence.

TORT against a deputy sheriff for the conversion of goods attached by him as property of Joseph W. Tufts, Jr., which the plaintiffs contended were purchased of them by Tufts by means of false representations.

At the trial in the superior court, there was a conflict of evidence between Tufts and one of the plaintiffs as to the facts attending the purchase, and the defendant offered to show that Tufts was a man of good reputation for honesty and moral worth; but *Lord*, J. excluded the evidence.

The defendant asked the court to rule that the plaintiff must prove, not only that the goods were obtained by the fraud of Tufts, but that the attaching creditor had knowledge thereof; but the court ruled that proof of fraud on the part of Tufts was sufficient.

The jury found for the plaintiffs, and the defendant alleged exceptions.

*J. Q. A. Griffin*, for the defendant, cited, on the first point, 1 Greenl. Ev. §§ 54, 55; *Attorney General* v. *Bowman*, 2 B. & P. 232, note; *Fowler* v. *Ætna Ins. Co.* 6 Cow. 673; *Anderson* v. *Long*, 10 S. & R. 55; *Nash* v. *Gilkeson*, 5 S. & R. 352. *Humphrey* v. *Humphrey*, 7 Conn. 116; *Ruan* v. *Perry*, 3 Caines, 120; *Townsend* v. *Groves*, 3 Paige, 455.

*I. W. Richardson*, for the plaintiffs, cited, on the first point, *Russell* v. *Coffin*, 8 Pick. 142; And, on the second point, *Fitzsimmons* v. *Joslin*, 21 Verm. 129; *Thompson* v. *Rose*, 16 Conn. 71; *Bradley* v. *Obear*, 10 N. H. 477; *Buffington* v. *Gerrish*, 15 Mass. 156.

CHAPMAN, J. The fact that the testimony of a witness is contradicted does not authorize the party calling him to offer

evidence that his general reputation for truth is good. Such evidence is admissible only when the opposite side has attempted to impeach his general reputation. *Russell* v. *Coffin*, 8 Pick. 142. *Jackson* v. *Etz*, 5 Cow. 320. An exception to this rule exists in England, in the case of a deceased witness to a will. Evidence of his good character is admitted, even though none has been offered to impeach it. *Provis* v. *Reed*, 5 Bing. 435. The evidence in this case was properly excluded.

The authorities cited for the defendant to the point that a party may sometimes offer evidence of his own good character are not applicable to this case. Joseph W. Tufts, Jr., was not a party; he was only a witness. The fact that his fraudulent act was alleged, did not alter his relation to this case, so as to change the rule of evidence in respect to him. Where goods are obtained by fraud, the vendor may reclaim them against all persons except a *bona fide* purchaser without notice. An officer who takes them in behalf of creditors by legal process does not come within the exception. The cases cited by the plaintiffs' counsel establish this point; and see also *Rowley* v. *Bigelow*, 12 Pick. 312; *Bussing* v. *Rice*, 2 Cush. 48. *Exceptions overruled.*