### PEOPLE v. MICHAELS.

(Supreme Court, Appellate Division, Second Department. May 25, 1915.)

1. WITNESSES ⚖➤361—IMPEACHMENT—RIGHTS OF WITNESS.

Where accused on cross-examination admitted that he had been previously convicted of a crime, he cannot show that his conviction was illegal.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1167–1175; Dec. Dig. ⚖➤361.]

⚖➤For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. WITNESSES ⬅➡361—IMPEACHMENT—FORMER CONVICTION.
    Where, on cross-examination, accused admitted he had been convicted of crime, he is entitled to state the facts upon which the conviction rests, though not to refute them.

    [Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1167–1175; Dec. Dig. ⬅➡361.]

Appeal from Court of Special Sessions of City of New York.

Benjamin Michaels was convicted of possessing cocaine, and he appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, STAPLETON, and RICH, JJ.

William Adams Robinson, of Brooklyn, for appellant.

Harry G. Anderson, Asst. Dist. Atty., of Brooklyn (James C. Cropsey, Dist. Atty., and Hersey Egginton, Asst. Dist. Atty., both of Brooklyn, on the brief), for the People.

THOMAS, J. [1] The evidence sustains the conviction. The defendant upon cross-examination testified that he had been convicted of a crime, and it is urged that he should have been allowed greater latitude in explaining the circumstances. In an earlier action between him and the people, it was decided that he had been guilty of a larceny. That fact was established. Here the people would use the judgment establishing the fact to affect the defendant's credibility as a witness. The defendant urges that the judgment invoked for such purpose loses its force as an estoppel, and that the fact determined by it is the subject of renewed controversy. It was an issuable fact on the first trial. It is used collaterally on the present trial to diminish or to destroy the credibility of the same defendant. But the judgment does not lose its verity between the parties because it is used to prove a collateral and material, although not an issuable, fact.

The inquiry may be approached in a different way. Indeed, it is considered by another method in that learned treatise, Wigmore on Evidence, § 1116. It is not necessary to determine what the rule would be in a civil action, or in an action where the witness is not a party. It is observed, however, that in some jurisdictions a witness, although not a party, cannot show that his conviction in another action was illegal. State v. Leo, 80 N. J. Law, 21, 77 Atl. 523; Commonwealth v. Galligan, 155 Mass. 54, 28 N. E. 1129. In the last case it was decided that the witness was properly denied opportunity to state facts and circumstances connected with his conviction of a crime, as the question would permit statement, not only of the degree of the crime, but of matters contradicting the record. In the present case the defendant explained that he lost the money and that he was convicted of stealing it, and his statement that he did not steal the money was left before the jury, although objection to it was sustained. But he was properly denied the privilege of explaining the transaction, inasmuch as the question was broad enough to allow him to deny the validity of the judgment. I may add that it has been decided in Massachusetts that a witness in an action, civil or criminal, whether he be a party or otherwise,

cannot show that he was innocent of a crime of which he was elsewhere convicted. Commonwealth v. Feldman, 131 Mass. 588; Lamoureux v. N. Y., N. H. & H. R. R. Co., 169 Mass. 338, 47 N. E. 1009.

[2] Where, as in the present case, the evidence is gained by parol, the witness should be permitted to state the facts upon which the finding of guilt rests, but not to refute the facts; otherwise, the jury would not be informed of the nature and extent of the defendant's guilt. The matter was sufficiently made known in the present case. At least, the question excluded permitted the witness to testify to inadmissible things. The judgment of conviction should be affirmed.

The parties hereto having stipulated in open court that this case may be disposed of by a court of four, the decision is as follows: Judgment of conviction of the Court of Special Sessions affirmed. All concur.