## LOCKETT *v.* STATE.

## Opinion delivered November 4, 1918.

1. RAPE—SUFFICIENCY OF EVIDENCE TO SUPPORT CONVICTION OF ASSAULT.—Evidence held to support conviction of assault with intent to rape.

2. CRIMINAL LAW—ASSAULT TO RAPE—PRINCIPAL OFFENDER.—Where the evidence tended to show that defendant and another intended to have sexual intercourse with the prosecutrix forcibly and against her will, and that both of them had hold of her person, and defendant was either aiding and abetting the other in his

effort to have intercourse with her or was preparing to have intercourse with her himself, in either case he was properly indicted and convicted as a principal offender.

3.  WITNESS—PROOF OF GOOD CHARACTER.—Under Kirby's Dig., § 3140, providing that "evidence of the good character of a witness is inadmissible until his general reputation has been impeached," it is prejudicial error to admit testimony tending to prove the good character of the prosecuting witness in a prosecution for assault with intent to rape until her general reputation has been impeached.

Appeal from Garland Circuit Court; *Scott Wood,* Judge; reversed.

*Robert H. Mooney, J. A. Stallcup* and *A. J. Murphy,* for appellant.

1.  The evidence is not sufficient to sustain the conviction. There was no proof of an intention to injure coupled with an act of preparation for such injury. 77 Ark. 37; 105 *Id.* 218. No intent to rape was proved. The most the evidence would sustain would be a simple assault.

2.  It was error to permit the State in rebuttal to introduce testimony to establish the general reputation of the prosecuting witness. Her cross-examination was proper and not prejudicial nor an impeachment of her general reputation. Kirby's Digest, § 3140; 53 Ark. 387; 106 *Id.* 449; 79 N. W. 462. See also 8 Pick. 143; 7 N. Y. 378; 3 Hill, 309; 35 Ala. 380; 53 Ark. 387; 114 *Id.* 239; 106 *Id.* 160; 92 *Id.* 71; 66 *Id.* 523; 70 *Id.* 420; 78 *Id.* 284; 67 *Id.* 115; 69 N. W. 244.

3.  The court erred in giving and refusing instructions. Defendant was not responsible for Wilson's acts, as there was no agreement, combination or conspiracy to injure the girl. The law is not properly stated in those given and was in those refused. See also 60 S. W. 669.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellee.

1.  The evidence is sufficient. Miss Veach's testimony is sufficient and needs no corroboration.

2. There was no error in refusing to require the prosecutrix to answer the questions on cross-examination. The questions are not set out in the bill of exceptions except in the motion for new trial. 131 Ark. 445. But if competent, appellant got the full benefit of the evidence for both he and Wilson testified on the subject, and no one denied it.

3. It was not error to permit the State to prove the good reputation of the prosecutrix. Her character was attacked, but her reputation was presumed by law to be good, and appellant was not prejudiced. 62 Ark. Law Rep. 174; 87 Ark. 243; 68 *Id.* 423. The evidence was harmless to appellant.

4. There is no error in the instructions given or refused. Kirby's Dig., § 1561. Wilson made the assault and appellant aided and abetted him. Both were guilty.

McCULLOCH, C. J. Appellant and one Wilson were jointly indicted by the grand jury of Garland County for the crime of assault with intent to commit rape upon the person of Chessie L. Veach, and, on the election of the two defendants to sever, appellant was tried separately and convicted.

It is first contended that the evidence does not sustain the verdict, and the case of *Anderson* v. *State,* 77 Ark. 37, is relied on where the rule in such a case was stated to be that "there must be in every assault an intention to injure, coupled with an act which must be at least the beginning of an attempt to injure them, and not an act of preparation for some contemplated injury that may afterwards be inflicted." That rule was adhered to and applied in the more recent case of *Douglass* v. *State,* 105 Ark. 218. The facts of the present case do not, however, under the rule announced, fall short of being sufficient to sustain the verdict.

The evidence of the prosecuting witness, upon which the verdict of the jury was based, established the fact that appellant and the other person named in the indictment made an assault upon her with intent to have sexual intercourse with her, forcibly and against her will,

and that there were acts committed not merely constituting the preparation for an attempt to injure, but actually the beginning of the particular injury contemplated. In other words, the testimony of the prosecuting witness shows that the two accused persons seized hold of her while they were out driving together in an automobile and dragged her from the front seat of the automobile to the back seat and pulled up her clothes, tore her undergarment, thus exposing her person, while one of them had her in his arms, and that they desisted because she fought them away from her. These facts, when established, were sufficient to constitute the crime of assault with intent to commit rape. The evidence tends to show that both of the men intended to have sexual intercourse with the female named in the indictment forcibly and against her will, and that both of them had hold of her person, and appellant was either aiding and abetting Wilson in the latter's effort to have intercourse with her or was preparing to have intercourse with her himself, and in either event he was properly indicted and convicted as a principal offender. Kirby's Digest, § 1563; *Freel* v. *State,* 21 Ark. 219; *Smith* v. *State,* 37 Ark. 274; *Williams* v. *State,* 41 Ark. 176.

It is next contended that the court erred in permitting the State to introduce rebuttal testimony tending to establish the general reputation of the prosecuting witness for truth and morality. In support of that assignment of error counsel invoke the statute (Kirby's Digest, § 3140), which reads as follows: "Evidence of the good character of a witness is inadmissible until his general reputation has been impeached."

We decided in the recent case of *Patrick* v. *State,* 135 Ark. 173, that the introduction of such proof, notwithstanding its conflict with the terms of the statute, is not prejudicial for the reason that in the absence of proof there is a presumption of law that the reputation of a given person is good, and that the admission of evidence "to prove what the law would otherwise presume is harmless."

Appellant and Wilson each testified in the case, and their narrative of the incident was that they took Miss Veach riding in appellant's automobile, and that while out on the ride they drank whiskey together, and that Miss Veach was intoxicated, and that she and Wilson got into a fight.

Objection is made to the first instruction given by the court on the ground that it is open to the construction that if appellant was present, aiding and abetting Wilson in the commission of an assault upon the person of the prosecutrix, he would be guilty of the offense charged in the indictment, even though the assault was made by Wilson without any intention of having sexual intercourse with the female. We do not think the instruction is fairly open to that interpretation. What the court meant to tell the jury was that appellant would be guilty if he assaulted the female named with intent to have intercourse with her forcibly and against her will, or if, being present, he assisted Wilson in making an assault with such an intent. If the language was thought to be ambiguous, specific objection ought to have been made to it at the time.

Still another assignment of error relates to the refusal of the court to give an instruction requested by appellant which told the jury that appellant would not be responsible for the act of Wilson unless the jury believed from the evidence "that there was some agreement, combination or conspiracy between the defendant and the said C. C. Wilson to ravish or attempt to ravish said prosecuting witness, said Chessie L. Veach."

The jury might have understood from that instruction, if it had been given, that in order to convict appellant for aiding and abetting Wilson in the commission of the offense it was essential that there should have been some previous "agreement, combination or conspiracy" between the two men to commit the offense. Other instructions given by the court made it plain to the jury that, in order to convict appellant, he must either have made the assault himself with intent to have sexual in-

tercourse with the prosecuting witness or that he must have aided and abetted Wilson in making the assault.

The case was submitted to the jury on correct instructions, and, while there was a sharp conflict in the testimony bearing upon the question of the guilt or innocence of the two accused men, the evidence was sufficient to sustain the verdict. The judgment is, therefore, affirmed.

McCulloch, C. J., (on rehearing). On reconsideration of this case we have reached the conclusion that it was wrong to hold that no prejudicial error was committed in permitting the State to introduce testimony tending to establish the general reputation of the prosecuting witness for truth and morality. If it was error to admit the testimony, it ought not to be said that such error is not prejudicial and does not call for a reversal of the judgment, for that would be to disregard the statute itself, which is mandatory in its terms.

In the original opinion we followed the case of *Patrick* v. *State,* but that case was different in that the proof introduced was for the purpose of proving the chastity of the prosecuting witness, and we held that there was no prejudice, because under the law chastity would be presumed in the absence of proof to the contrary. There is, it is true, a presumption of good character on the part of a witness in the absence of proof to the contrary, but the difference in the two cases is that in one there is no statute declaring the testimony inadmissible and in the other there is such a statute, and for the courts to disregard it by holding that, notwithstanding its plain violation, no effect will be given it because it was nonprejudicial would be to nullify the statute.

It seems to us now, on further reflection, that to fortify the credibility of a witness by proof of general reputation, where no attack has been made, is calculated to give undue weight to it, which the statute itself was intended to forbid. *State* v. *Owens,* 109 Ia. 1, 79 N. W. 462; *Shields* v. *Conway,* 133 Ky. 35, 117 S. W. 340.

The case of *Patrick* v. *State* was decided correctly, but anything in the opinion which might appear to hold that the same rule would be applicable to a case of proof of general reputation is now disapproved, and we hold that where testimony is admitted contrary to the terms of the statute, it necessarily calls for a reversal of the judgment.

The Attorney General defends the ruling of the trial court in admitting the State's testimony in support of the good character of the prosecuting witness for truth and morality on the ground that appellant impeached her credibility on cross-examination and by the introduction of other testimony. Counsel for appellant asked the prosecuting witness if she had not visited the West End hotel, a place which was shown by other testimony to be a house of ill repute, with a man named Wilmot, and spent the night with him. The witness denied that she had done so, but admitted that she went to the West End hotel on another occasion with a party of young people and danced for a short while. She explained that she did not know that the place had a bad reputation. Another witness introduced by appellant testified that the prosecuting witness admitted that she took several drinks of whiskey with appellant and Wilson on the evening the assault was committed and while taking the ride. Appellant and Wilson each testified that the prosecuting witness drank whiskey with them while they were out on the ride and that she admitted to them instances of immoral conduct on her part.

Now, it was competent, of course, to impeach the credibility of the prosecuting witness on cross-examination by interrogating her concerning particular instances of immorality on her part, but appellant was bound by her answers on that subject and could not introduce witnesses to contradict her. *McAlister* v. *State,* 99 Ark. 604.

The testimony as to the admissions of the witness concerning her immoral conduct on the occasion of the alleged assault and also the testimony of other witnesses concerning that misconduct was competent to explain the

relations of the parties at the time of the assault, but it was not competent for appellant to introduce testimony of specific instances of immoral conduct for the purpose of impeaching the character of the witness or her general reputation for truth and morality, and such testimony could not be made the basis for the introduction of testimony supporting her general reputation.

The statute, it will be readily seen, observes the distinction between general reputation and credibility of a witness, and under it an attack by proof of the latter only will form the basis for the introduction of proof of good character. The credibility of a witness may be impeached by proof on cross-examination of specific instances of immorality, or by proof of contradictory statements, but that does not justify the introduction of proof of good character in support of the witness, for the statute in express terms declares that such proof is inadmissible until "general reputation has been impeached." The following authorities on the subject may be read with interest: Jones on Evidence, § 865; *State* v. *Owens, supra; Tedens* v. *Schumers,* 112 Ill. 263; *Shields* v. *Conway, supra; People* v. *Gay,* 7 N. Y. 378; *Harrington* v. *Lincoln,* 70 Mass. 563; *Atwood* v. *Dearborn,* 83 Mass. 483; *Gertz* v. *Fitchburg Railroad Company,* 137 Mass. 77.

In some of the States statutes similar to our own have been enacted, but none of the States where the above cases were decided have such statutes, as far as we can ascertain, except the State of Kentucky from whom our statute was borrowed in precise language. But all of the authorities are unanimous in holding that only an attack on the credibility of a witness by some form of proof of general reputation will justify the support of the witness by proof of good behavior. In both Kentucky and Massachusetts it was held that proof of conviction of a witness of felony justified the introduction of proof of good character in support of the witness, but this is on the ground that the taint of the conviction tends to impeach the general reputation of the witness for truth and morality.

The trial court erred in admitting the proof of good character of the prosecuting witness, and that error was prejudicial, or may have been so. The rehearing is, therefore, granted, and for the error indicated the judgment is reversed and the cause remanded for a new trial.