## McCARTHY v. UNITED STATES.

### No. 8721.

United States Court of Appeals
District of Columbia.

Argued Oct. 16, 1944.

Decided Nov. 6, 1944.

Mr. Jerome F. Barnard, of Washington, D. C. (appointed by District Court) for appellant.

Mr. John P. Burke, Assistant United States Attorney, of Washington, D. C., with whom Messrs. Edward M. Curran, United States Attorney, and Charles B. Murray, Assistant United States Attorney, both of Washington, D. C., were on the brief, for appellee.

Before MILLER, EDGERTON and ARNOLD, Associate Justices.

PER CURIAM.

Defendant was convicted for forging a check issued by the Washington Terminal Company of Washington, D. C. After examining the evidence we believe that the court should have directed a verdict of not guilty at the close of the case.

The only direct testimony on the alleged forgery by the defendant is that of a handwriting expert who admitted there were many dissimilarities between the defendant's handwriting and the endorsement on the check. The expert said that but for the single letter "J" in "Jack" on the check he would not have been there to testify.

To support this inconclusive handwriting testimony the prosecution relied on circumstantial evidence, all of which was based on very doubtful inferences. It showed (1) that the defendant was one of a number of persons who might have stolen the check from the Washington Terminal Company; (2) that he was one of a number of persons who might have cashed it; (3) that defendant's wife was seriously ill and he needed money badly; (4) that after his wife's death he left Washington for his sister's home in Cincinnati, later going to Colorado, notifying both his draft board and the post office of his change of address.

His necessitous circumstances were relied on as showing motive. In spite of the fact that there is no evidence that he knew he was even suspected of the crime when he left, his departure to visit his sister was used before the jury to show consciousness of guilt.

While we do not assert that handwriting testimony by itself may not in some cases be sufficient to sustain a conviction of forgery, we think that the record in this case throws too much doubt on defendant's guilt to sustain a verdict.

Reversed and remanded.