## EGAN v. UNITED STATES.

(Court of Appeals of District of Columbia. Submitted March 3, 1925. Decided April 6, 1925.)

No. 4239.

**1. Criminal law ⊜⟹881 (4)—Receipt of general verdict of guilty in prosecution under indictment in two counts held not error.**

Where one count of indictment charged defendant as an officer with receiving compensation for services in connection with claim against United States, in violation of Criminal Code, § 113 (Comp. St. § 10283), and with accepting bribe in violation of section 117 (Comp. St. § 10287), it was not error for court to accept general verdict of guilty; the two offenses being such as were properly charged in single indictment.

**2. Criminal law ⊜⟹798(1) — Instruction as to necessity that each juror be convinced of defendant's guilt beyond reasonable doubt held properly denied.**

Requested instruction that the law contemplates concurrence of 12 minds in conclusion of guilt before conviction can be had, that each juror must be satisfied beyond a reasonable doubt before he can consent to verdict of guilty, and that if any individual juror, after considering all the evidence and after consultation with his fellow jurors, should entertain reasonable doubt of defendant's guilt, it was his duty not to surrender his own conviction, because balance of the jury might entertain different convictions, held properly denied.

Appeal from the Supreme Court of the District of Columbia.

William P. Egan, otherwise called W. P. Egan, was convicted of violation of Criminal Code, §§ 113, 117, and he appeals. Affirmed.

See, also, 52 App. D. C. 384, 287 F. 958.

T. M. Wampler, of Washington, D. C., for appellant.

Peyton Gordon and J. H. Burnett, both of Washington, D. C., for the United States.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and SMITH, Judge of the United States Court of Customs Appeals.

ROBB, Associate Justice. This is an appeal from a judgment of conviction in the Supreme Court of the District of Columbia under an indictment charging the defendant, appellant here, with a violation of sections 113 and 117 of the Penal Code of the United States (35 Stat. 1088, 1109 [Comp. St. §§ 10283, 10287]). This is the second trial under the same indictment, a former conviction having been set aside by this court. See Egan v. United States, 52 App. D. C. 384, 287 F. 958.

[1] The first question presented by this appeal is based upon the contention that two distinct and inconsistent offenses were charged in the indictment and that the trial court erred in accepting a general verdict of guilty. In our prior opinion it was ruled that, since the crimes defined in the two sections belonged to the same class and might be separately charged in a single indictment, a general verdict of guilty on all counts would be sustained if any count was good and sufficient to support the judgment. The question was there raised by motion to require the district attorney to elect upon which counts of the indictment he would go to trial.

We said:

"This motion was based upon the theory that the indictment included two separate offenses under the Penal Code. This is permissible, and election will not be required, where the offenses charged are not distinct and inconsistent. The crimes defined in sections 113 and 117 belong to the same class, and may be separately charged in a single indictment. In such a case a general verdict of guilty on all the counts will be sustained in error, if any count is good and sufficient to support the judgment. Claassen v. United States, 142 U. S. 140, 12 S. Ct. 169, 35 L. Ed. 966; Evans v. United States, 153 U. S. 584, 14 S. Ct. 934, 38 L. Ed. 830; Davis v. United States, 37 App. D. C. 126, 133."

It thus appears that it was distinctly ruled that the crimes denounced in these two sections are not inconsistent. There is no contention here that either count is defective in itself. The sentence being less than might have been imposed under a single count, it is unnecessary to determine whether sentence might have been imposed as for two offenses.

[2] The second assignment of error relates to the refusal of the court to grant the following instruction: "The court instructs the jury that upon the trial of a criminal case by a jury the law contemplates the concurrence of 12 minds in the conclusion of guilt before conviction can be had. Each individual juror must be satisfied beyond a reasonable doubt of the defendant's guilt before he can, under his oath, consent to a verdict of guilty. Each juror should feel the responsibility resting upon him as a member of the jury, and should realize that his own mind must be convinced beyond a reasonable doubt of the defendant's guilt before he can consent to a verdict of guilty. Therefore, if any individual member of the jury, after having considered all of the evidence in the case, and after consultation with his fellow

jurors, should entertain such reasonable doubt of defendant's guilt, it is his duty not to surrender his own conviction simply because the balance of the jury may entertain different convictions."

In Allen v. United States, 164 U. S. 492, 17 S. Ct. 154, 41 L. Ed. 528, after the case had been submitted to the jury under the general charge of the court, and the jury had returned, apparently for further instructions, the court charged the jury that in a large proportion of cases absolute certainty could not be expected; "that although the verdict must be the verdict of each individual juror, and not a mere acquiescence in the conclusion of his fellows, yet they should examine the question submitted with candor and with a proper regard and deference to the opinions of each other; that it was their duty to decide the case if they could conscientiously do so; that they should listen, with a disposition to be convinced, to each other's arguments; that, if much the larger number were for conviction, a dissenting juror should consider whether his doubt was a reasonable one which made no impression upon the minds of so many men, equally honest, equally intelligent with himself. If, upon the other hand, the majority was for acquittal, the minority ought to ask themselves whether they might not reasonably doubt the correctness of a judgment which was not concurred in by the majority."

The Supreme Court, after stating that these instructions were taken literally from a charge approved by the Supreme Judicial Court of Massachusetts, said: "While, undoubtedly, the verdict of the jury should represent the opinion of each individual juror, it by no means follows that opinions may not be changed by conference in the jury room. The very object of the jury system is to secure unanimity by a comparison of views, and by arguments among the jurors themselves. It certainly cannot be the law that each juror should not listen with deference to the arguments and with a distrust of his own judgment, if he finds a large majority of the jury taking a different view of the case from what he does himself. It cannot be that each juror should go to the jury room with a blind determination that the verdict shall represent his opinion of the case at that moment, or that he should close his ears to the arguments of men who are equally honest and intelligent as himself. There was no error in these instructions."

In the present case, no instruction had been given the jury as to the extent to which one juror should be influenced by the views of his fellow jurors. The effect of the proposed instruction was to invite one juror practically to disregard the views of the other eleven. In other words, the instruction offered was inconsistent with the views expressed by the Supreme Court in the Allen Case, and, as ruled in Horton v. United States, 15 App. D. C. 310, 329, did "not correctly state the duty and obligations of a juryman, and was properly refused."

The judgment is affirmed.

Affirmed.