## FEDERAL TRADE COMMISSION v. KLESNER.

(Court of Appeals of District of Columbia.
Submitted November 5, 1924. Decided
June 1, 1925.)

No. 976.

Courts ⬥518—Court of Appeals of District of Columbia has not jurisdiction of suit to compel enforcement of orders of Federal Trade Commission.

Under Federal Trade Commission Act, §§ 4, 5 (Comp. St. §§ 8836d, 8836e), giving Circuit Court of Appeals jurisdiction of suits brought to enforce orders of commission, but failing to provide for like jurisdiction in Court of Appeals of District of Columbia, that court has no such jurisdiction.

Original suit by the Federal Trade Commission against Alfred Klesner, doing business under the name of the Shade Shop. Petition dismissed.

C. M. Neff and A. F. Busick, both of Washington, D. C., for petitioner.

H. S. Barger and C. R. Ahalt, both of Washington, D. C., for respondent.

Before MARTIN, Chief Justice, VAN ORSDEL, Associate Justice, and BARBER, Judge of the United States Court of Customs Appeals.

VAN ORSDEL, Associate Justice. This is an original proceeding brought in this court by the Federal Trade Commission, hereafter referred to as "the Commission," under the provisions of the Federal Trade Commission Act, 38 Stat. 717 (Comp. St. §§ 8836a–8836k), to compel the enforcement of an order issued by the Commission against the respondent, Alfred Klesner, requiring him to cease and desist from using the word "Shade Shop," standing alone or in conjunction with other words, as an identification of the business conducted by him, and forbidding its use on advertisements, signs, stationery, telephone and business directories, trade lists, or otherwise, in connection with the conduct of his business in the District of Columbia.

It appears that the Commission directed an investigation to be made of respondent's use of the sign "Shade Shop" in connection with the conduct of his business in this District, and, as a result of the investigation, issued the above order requiring him to discontinue its use, and to report to the Commission within 30 days from the date of the service of the order, setting forth in detail the manner and form in which he had complied with the order. Upon failure of the respondent to report as ordered, the present action was brought originally in this court to compel respondent's compliance with the finding and order of the Commission.

At the outset, we are confronted by a question of jurisdiction. Section 4 of the act, defining the jurisdiction of the Commission, among other things, provides as follows: " 'Commerce' means commerce among the several states or with foreign nations, or in any territory of the United States or in the District of Columbia, or between any such territory and another, or between any such territory and any state or foreign nation, or between the District of Columbia and any state or territory or foreign nation."

Section 5 of the act, defining the method of procedure to be invoked by the Commission in making its investigations and enforcing its orders, among other things, provides: "If such person, partnership, or corporation fails or neglects to obey such order of the Commission while the same is in effect, the Commission may apply to the Circuit Court of Appeals of the United States, within any circuit where the method of competition in question was used or where such person, partnership, or corporation resides or carries on business, for the enforcement of its order, and shall certify and file with its application a transcript of the entire record in the proceeding, including all the testimony taken and the report and order of the Commission."

There is nothing in the act specifically providing that the Commission, to enforce an order within the District of Columbia, may bring an action in the Court of Appeals of the District; nor will the fact that the District of Columbia is specifically embraced by Congress within the territorial jurisdiction of the Commission justify the implication that its orders may be enforced in the Court of Appeals of the District. This logically suggests the inquiry whether or not the term "Circuit Court of Appeals of the United States" embraces by implication the Court of Appeals of the District of Columbia, and, if not, whether the Court of Appeals of the District has jurisdiction to proceed in this case.

The Supreme Court of the District of Columbia has the jurisdiction conferred upon it by Congress of a District Court of the United States, over federal matters arising within the District, and strictly coming within the jurisdiction of the federal courts. The Court of Appeals likewise possesses in such cases similar appellate jurisdiction to that conferred upon a Circuit Court of Appeals of the United States in cases appealed to

it from a District Court of the United States. Yet it is quite apparent that, neither from the selection of names, nor from the objects to be attained in the creation of the respective courts, can any implication arise which would justify the application of the term "District Court of the United States" to the Supreme Court of the District of Columbia, or "Circuit Court of Appeals of the United States" to the Court of Appeals of the District of Columbia.

Nor can any such interchange of designation be sustained from an examination of the legislation bringing these courts into existence. The entire territory of the United States, except the District of Columbia, was by Congress divided into nine judicial circuits, and a Circuit Court of Appeals created for each circuit. In the creation of inferior courts of the United States, Congress is limited only by the Constitution, which places no restriction on its power to establish judicial boundaries. Congress might have created but one Circuit Court of Appeals, and conferred upon it jurisdiction coextensive with the United States, or a Circuit Court, limited in jurisdiction, for example, to a single state, or it might have created one or more such courts in each state; but it divided all the territory of the United States, excepting the District of Columbia, into nine judicial circuits, each composed, for convenience, of contiguous states and territories.

Congress, therefore, in this creation of circuits, might have made a tenth circuit, composed of the District of Columbia, and created a Circuit Court of Appeals for it; but this was not done. Owing to the peculiar constitutional organization of the District of Columbia, and the dual legislative authority, both state and federal, conferred by the Constitution upon Congress in legislating for the District, Congress created courts for the District, conferring thereon this dual jurisdiction, with distinctive names, possessing like federal jurisdiction to the Circuit and District Courts of the United States, but separate and distinct in legislative origin, designation, and general jurisdiction.

The jurisdiction of the courts of the District of Columbia was recently defined in the case of Public Utilities Commission of the District of Columbia v. Potomac Electric Power Co. et al., 261 U. S. 428, 442, 43 S. Ct. 445, 448 (67 L. Ed. 731), as follows: "By the Constitution, clause 17, section 8, article 1, Congress is given power 'to exercise exclusive legislation in all cases whatsoever, over' the District of Columbia. This

means that as to the District Congress possesses, not only the power which belongs to it in respect of territory within a state, but the power of the state as well. In other words, it possesses a dual authority over the District, and may clothe the courts of the District, not only with the jurisdiction and powers of federal courts in the several states, but with such authority as a state may confer on her courts."

While the Federal Trade Commission is undoubtedly given jurisdiction, by the terms of the act, over cases arising in the District of Columbia, Congress, through an apparent oversight, has failed to provide a court within the District in which the Commission can enforce its orders. This omission in the act can be remedied by Congress, if it is found desirable.

It is accordingly adjudged, ordered, and decreed that the petition of the Federal Trade Commission, petitioner herein, be and the same is hereby dismissed.