## FLEITAS v. UNITED STATES.
### No. 5701.

Circuit Court of Appeals, Fifth Circuit.
May 9, 1930.

J. F. Busto, of Key West, Fla. (J. F. Busto, of Key West, Fla., on the brief), for appellant.

W. P. Hughes, U. S. Atty., of Jacksonville, Fla., and D. Heywood Hardy, Sp. Asst. to Atty. Gen., for the United States.

Before BRYAN and FOSTER, Circuit Judges, and DAWKINS, District Judge.

DAWKINS, District Judge.

Appellant was convicted under a bill of information, consisting of two counts, charging the possession and sale, respectively, of intoxicating liquors for beverage purposes.

Two points are raised by the appeal, to wit: (1) That the venue was not proven, and (2) that the court below erred in permitting the prosecution to introduce before the jury evidence obtained by virtue of a search warrant, which it is contended was illegal.

Taking up the matter of venue, it was proven by some three witnesses "that the place of the defendant is located at 423 Petronia street"; that the witness entered the place known as "Pancho's Café at 423 Petronia street"; "that the number of the place was 423 Petronia street," and was known as "Pancho's Café." No one seems to have taken the trouble to state that the address referred to was in the city of Key West, where the court was sitting, for the reason, no doubt, that all were cognizant of that fact and had taken it for granted. There was no request for a directed verdict, and the motion for a new trial (except as to matters to be considered upon the second point urged on this appeal) merely alleged that the verdict was contrary to the law and the evidence. Neither is the alleged failure to prove the venue specifically mentioned in the assignment of errors, but the appellant, having brought up all of the oral testimony in his bill of exceptions, relies upon allegations similar to those in the motion for new trial, and points out that none of the witnesses testified the defendant's place of business was at 423 Petronia street in the city of Key West.

As was said by this court in Ryan et al. v. U. S., 285 F. 734, where no directed verdict was asked, a conviction will not be reversed because of the insufficiency of proof of venue. If this had been done and the trial court's attention had been directed to the matter, further evidence could no doubt have been offered to establish the venue. The defendant cannot, under such circumstances, sit by and take the chance of acquittal and raise the point for the first time on appeal. After conviction it comes too late. Piacenza v. U. S. (C. C. A.) 293 F. 164; Jianole v. U. S. (C. C. A.) 299 F. 496, 499; Casey v. U. S. (C. C. A.) 20 F.(2d) 752.

As to the second contention, the record shows that on the day of the trial the defendant moved to quash the search warrant and to suppress the evidence obtained thereby, for the reasons: (1) That the warrant was directed "against the premises of no certain person"; (2) that it did not "attempt to describe any person whose premises should be searched"; (3) that it did not state that the owner of the premises was unknown; and (4) that it authorizes a search in the nighttime "without containing an affidavit that the affiant is positive that the goods to be seized are on the premises." The motion was overruled. One Park, a prohibition agent and witness for the prosecution, when on the stand, stated that he had presented the defendant with a copy of the search warrant, and thereupon the district attorney offered the search warrant in evidence, which was objected to for the same reasons urged in the motion to quash, and the objection was likewise overruled. In his directions to the clerk for making up the transcript, defend-

ant requested that there be included copy of the search warrant, copy of affidavit on which it was issued and of the return of the warrant. However, the record does not contain these documents, and, without having made any effort to supply them, defendant asks that we assume them to have been defective, as alleged. This we cannot do. The burden was upon the appellant to show reversible error. Where he brings up a record which fails on its face to make such a showing, and does not see fit to avail himself of the process necessary to supply it, we will not assume that, if produced, it would sustain his contention. Felton v. U. S. (C. C. A.) 8 F.(2d) 990; Iturrino v. U. S. (C. C. A.) 15 F.(2d) 372.

We conclude that there is nothing before us from which we can determine the questions raised on the second point, and, finding no other error, the verdict and sentence are affirmed.