## MILLER v. UNITED STATES.

### No. 4551.

Circuit Court of Appeals, Seventh Circuit.
Oct. 29, 1931.

John E. Molony and William A. Cunnea, Jr., both of Chicago, Ill., for appellant.

George E. Q. Johnson, U. S. Atty., and Mary D. Bailey, Asst. U. S. Atty., both of Chicago, Ill.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

SPARKS, Circuit Judge (after stating the facts as above).

On the evening of October 26, 1930, Officers May and Healy were called to apartment 304 at 343 East Fifty-Fifth street, Chicago. On arriving there they found appellant and Moore and an unknown woman in the apartment. Appellant told the officers that Moore had a "toy" in his possession and requested them to take it from him. Moore denied having it. Appellant told the officers that the "toy" was a little silver box. Upon searching the apartment they found it in a

jamb of a door leading to the private hallway, and it contained smoking opium.

Appellant testified that on the night above referred to she left her apartment at 4621½ Sheridan road, took a taxi, and visited certain cabarets, where she consumed a considerable quantity of intoxicating liquor. On leaving the second place she went to the apartment of Moore, a colored man, and from there she, Moore, and another colored man went to a location in the 4700 block on Calumet avenue. Moore left the taxi and entered an apartment, returning with a tin "toy" and four capsules of cocaine. Appellant had previously given Moore $25 to buy the narcotics and furnish the pipe, but had taken back $5. She testified further that in the cab the two colored men sniffed the cocaine and showed her how to do it, and that it made her nose feel funny; that they then returned to Moore's apartment, where he was to furnish a smoking opium pipe; and that they had a dispute over the furnishing of the pipe, and she had her taxi driver call the police.

This statement was made by appellant in the presence of Officers May, Healy, and Middleton, and was verified by the testimony of appellant and Moore. In addition, Moore testified that he had thrown out of the window the "toy" of smoking opium that had been purchased, and that the "toy" found was not the "toy" which had been bought with appellant's money.

■ Appellant contends that the court erred in not appointing counsel to defend her, and in this she was not accorded a fair trial. The record is silent as to what happened in this connection, and it is not claimed that she made any request of this kind. On the other hand, appellee's brief states that the trial court asked appellant if she wanted counsel, and she said that she did not, that all she wanted was to tell the court what had happened. In appellant's brief these statements are not controverted, but it is admitted that she told the court that all she wanted was to tell the court what had happened.

Owing to the imperfect state of the record before us, and appellant's admission, we are convinced that no error in this connection was committed by the trial court. It is quite evident that something relative to this subject was said at the time of the trial. It was appellant's duty to present that conversation to this court by way of the record, or to show a sufficient reason for not doing so. In failing to do this she is in no position to complain.

■ Appellant's contention that neither count of the indictment is sufficiently specific as to the place where the crime was committed is not tenable. Casey v. United States, 276 U. S. 413, 48 S. Ct. 373, 72 L. Ed. 632; De Bellis v. United States (C. C. A.) 22 F. (2d) 948; Myers v. United States (C. C. A.) 15 F.(2d) 977; Rosenberg v. United States (C. C. A.) 13 F.(2d) 369; Sam Wong v. United States (C. C. A.) 2 F.(2d) 969.

■ Appellant insists that there is a failure of evidence to prove the allegations of either count. It must be borne in mind that the statute is in the disjunctive, and if there was evidence introduced which fairly tends to support any one of the charges of purchasing, receiving, concealing, or facilitating the transportation and concealment of opium, under the circumstances as alleged and at the time and place as stated, the finding of the trial court is conclusive.

■ Without further comment on the evidence which is set forth above, we are convinced that the trial court was fully justified in its findings.

■ There was clearly no error on the part of the court on account of the government not calling the taxi driver and another woman as witnesses. Appellant made no request for the court to call witnesses, and of course there was no duty resting upon the government to call them for her.

■■ Appellant contends also that the court erred in admitting hearsay evidence, but does not designate that portion which is objectionable to her. The fact that she made no objection at the trial to any such evidence on this account is a complete answer to her objection. The only evidence which can be considered as hearsay is the testimony of the officers as to what appellant and Moore said at the time of their arrests. These statements were not only admissible as admissions of the parties, but they were corroborated by the testimony of appellant and Moore. In admitting this evidence there was no error.

Judgment affirmed.