## SMITH v. UNITED STATES.
### No. 5642.

Court of Appeals of the District of Columbia.
Argued Nov. 1, 1932.
Decided Dec. 27, 1932.

Rehearing Denied Jan. 20, 1933.

J. William Tomlinson, of Washington, D. C., for appellant.

Leo A. Rover and Julian I. Richards, both of Washington, D. C., for the United States.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

HITZ, Associate Justice.

This is an appeal from a conviction of embezzlement in the Supreme Court of the District of Columbia.

The defendant there was indicted, convicted, and sentenced for embezzling $500 from one Ruth Stead, about the 14th day of March, 1929.

Mrs. Stead, a woman of sixty-five years, served as a hostess at Georgetown University, and for some time prior to November, 1928, was the owner of six certificates, representing thirteen shares of stock, in Cities Service Corporation.

She testified that she then met the defendant, who interested her in a proposed club to be known as the "Kentucky Klub," and to be located at or near Sixteenth and K Streets N. W.

And in March, 1929, she delivered to him her thirteen shares of Cities Service stock to be sold, the proceeds from ten shares, that is to say about $1,000 to be applied by him to payment for shares in "Kentucky Klub," the proceeds from the other three shares, or, all over $1,000, to be returned to her.

That defendant received something over $1,500 for the Cities Service stock. Mrs. Stead received ten shares of "Kentucky Klub" soon thereafter, and some time later $68 and five more shares of "Kentucky Klub," which she neither ordered nor wanted.

Her testimony, with certain exhibits, being the government's case, a motion for a directed verdict was made, denied, and an exception noted.

Defendant then introduced evidence by three witnesses, but at the conclusion of the entire case did not renew his motion for verdict.

The introduction of testimony by a defendant after exception to the denial of a motion for a directed verdict on the plaintiff's case is a waiver of the exception. Perovich v. United States, 205 U. S. 86, 27 S. Ct. 456, 51 L. Ed. 722; Green v. United States, 25 App. D. C. 549; Murray v. United States, 53 App. D. C. 119, 126, 288 F. 1008.

But, as said by the Supreme Court in the Perovich Case, without resting upon that proposition we are of opinion that the trial court would not have been justified in withdrawing the case from the jury.

It is true that on direct examination of Mrs. Stead regarding the last five shares of "Kentucky Klub" which she received, she did only say that, "Not to her recollection had she authorized Mr. Smith or anyone else to buy it for her."

But the record shows that on cross-examination she said: "That she ordered the first ten shares of stock; that it was a business deal whether she lost it or not. That she never ordered the other five shares, but she received them."

Mrs. Stead's was the only testimony before the trial court when the motion was made, and a motion by defendant for a directed verdict is an admission of every fact then in evidence tending to sustain plaintiff's case, and every inference reasonably deducible therefrom. Faucett v. Bergmann, 57 App. D. C. 290, 291, 22 F.(2d) 718.

And such a motion can only be granted when but one reasonable view can be taken of the evidence and the conclusions therefrom. Faucett v. Bergmann, supra; Chalvet v. Huston, 43 App. D. C. 77; Milson v. Gerstenberg, 43 App. D. C. 165, 174.

The denial of the motion for a directed verdict is the only assignment of error based on an exception, but appellant's brief argues that courts will sometimes, in their discretion, notice error in criminal cases, though not based on exception.

The cases there cited support that doctrine, but in our opinion this is not a case for its application, or the exercise of that discretion.

Under its sanction it is claimed that venue was not proven, and further that the trial court erred in submitting the case finally to the jury, because of insufficient evidence.

Had the state of the proof on the question of venue been raised by timely objection, further proof could have been then supplied, or the question dealt with by the trial court (Ryan et al. v. United States [C. C. A.] 285 F. 734), besides which the trial was in the city of Washington, the evidence showed the prosecuting witness to be employed at Georgetown University, the stocks sold to have been obtained from a local bank, sold through local brokers, paid for by check on another local bank, and the proposed club building to be at Sixteenth and K Streets N. W., and we think that was sufficient. Read v. United States, 55 App. D. C. 43, 45, 299 F. 918; Fleitas v. United States (C. C. A.) 40 F. (2d) 636; Ryan et al. v. United States, supra.

And as to the alleged insufficiency of the evidence, it was clearly necessary to submit the questions raised to the jury, and for the jury to decide them, including the weight of testimony, which was done.

We see no error in the method of doing it or the conclusion reached. Burton v. U. S., 202 U. S. 344, 373, 26 S. Ct. 688, 50 L. Ed. 1057, 6 Ann. Cas. 362; Murray v. U. S., supra; Milson v. Gerstenberg, supra.

For the reasons stated the judgment is affirmed.

Affirmed.