**UNITED STATES v. BUSCH et al.**
**No. 346.**

Circuit Court of Appeals, Second Circuit.

April 3, 1933.

Leo H. Klugherz, of New York City, for appellants.

George Z. Medalie, U. S. Atty., of New York City (Alvin McKinley Sylvester, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

The evidence to sustain the verdict is so clear that we do not find it necessary to discuss the general merits of the case. We confine ourselves to two of the points of law raised. The first is as to the sufficiency of the indictment. Two substantive counts alleged that the defendants concealed narcotic drugs "at the Southern District of New York and within the jurisdiction of this court," and the argument is that this was too general to suffice. This is indeed the view in the Tenth circuit. Skelley v. U. S. (C. C. A.) 37 F.(2d) 503. Apparently the same is true in the Eighth. Lynch v. U. S. (C. C. A.) 10 F. (2d) 947; Jarl v. U. S. (C. C. A.) 19 F.(2d) 891; Partson v. U. S. (C. C. A.) 20 F.(2d) 127. Though see Myers v. U. S. (C. C. A.) 15 F.(2d) 977. The theory in Skelley v. U. S. was that the indictment must alone be specific enough to serve as a bar to other prosecutions, without recourse to extrinsic evidence; but the opposite was definitively ruled in Dunbar v. U. S., 156 U. S. 185, 15 S. Ct. 325, 39 L. Ed. 390, and has never since been questioned by the Supreme Court. It is always possible to show by evidence outside the indictment what was the crime prosecuted. While the place was a little more definitely described in Miller v. U. S., 53 F.(2d) 316 (C. C. A. 7), Fiddelke v. U. S., 47 F. (2d) 751 (C. C. A. 9), and Parmagini v. U. S., 42 F.(2d) 721 (C. C. A. 9), the indictments were open to substantially the same objection as this one. We accept these decisions as stating the better doctrine; every purpose of justice can be fulfilled by means of a bill of particulars, if the defendant is in real doubt, which in fact he never is. The indictment ought not for this reason to be followed as a model.

A more serious question arises as to the sentences. The indictment was in three counts—one for concealing heroin; a second for concealing cocaine; a third for conspiracy to conceal both. The learned judge, though urged by the prosecution not to do so, persisted in imposing consecutive sentences on all three; four years on each of the substantive counts, and two years for the conspiracy. He might have imposed the aggregate upon either of the first two. By the course which he adopted, he has quite needlessly made it necessary for us to decide

whether the first two counts charged separate crimes. The evidence showed that the drugs were all concealed in one house in New York —some heroin, on the ground floor; some, in a cache under the floor of an apartment above; the rest in a desk nearby. Along with the last was the cocaine. We assume that the first count was meant to include all the heroin, including that in the desk. Nevertheless, evidence sustaining the first count would not have proved the second, and vice versa; and this is the accepted test. Blockburger v. U. S., 284 U. S. 299, 52 S. Ct. 180, 76 L. Ed. 306; Morgan v. Devine, 237 U. S. 632, 35 S. Ct. 712, 59 L. Ed. 1153. Braden v. U. S., 270 F. 441 (C. C. A. 8), did indeed hold that possession of heroin and cocaine in one place was a single crime, but it seems to us that it is of doubtful authority after Blockburger v. U. S., supra. We should not indeed say that possession or concealment of several packages of the same kind of drug in the same place might be separated into several counts, but, when the drugs are different, evidence sustaining one count can surely not be regarded as sustaining the other. However, we need not say that the concealment of the heroin and the cocaine in the desk would alone have constituted two crimes. We do say that the concealment of the heroin downstairs was a different crime from concealing the cocaine in the desk, even though there was heroin along with it. Consequently, had the heroin count included only the heroin downstairs, and the cocaine count, the cocaine and heroin in the desk, it could not be argued that two crimes had not been charged and proved. Assuming Braden v. U. S., supra, to be right, the effect of the pleading was thus to combine in the heroin count one complete crime, concealing the heroin on the ground floor, with part of another, concealing heroin and cocaine in the desk. On the other hand, the cocaine count failed to allege the whole crime committed, because it omitted the heroin in the desk. But, if the purpose was apparent, as it was, to charge two crimes, and if two had been committed, the insufficiency of the cocaine count and the surplusage in the heroin count need not override this paramount intent, and each was good enough as pleading to support a judgment.

In Parmagini v. U. S., supra (C. C. A.) 42 F.(2d) 721, a single package contained some morphine and some crude opium sticking to the bottom of the paper. The package was sold, and it was held that two crimes were not committed—first, by selling the morphine; second, by distributing the crude opium. Again, it is hard to reconcile the result with Blockburger v. U. S., supra, 284 U. S. 299, 52 S. Ct. 180, 76 L. Ed. 306, unless morphine and crude opium be regarded as the same drug. Perhaps that is possible, but in any case the decision does not rule here, for the same reasons that Braden v. U. S. does not. The course adopted has unhappily involved us in this barren casuistry; but, taken strictly, it was permissible; and, as the result was no different from imposing the maximum upon all the counts to run concurrently, we see no reason to strain for a reduction.

Judgment affirmed.