## ERCOLI v. UNITED STATES.

### No. 8192.

United States Court of Appeals for the District of Columbia.

Decided Nov. 9, 1942.

Mr. Dennis McCarthy, Assistant United States Attorney, with whom Messrs. Edward M. Curran, United States Attorney, and Charles B. Murray, Assistant United States Attorney, all of Washington, D. C., were on the brief, for appellee.

Before GRONER, Chief Justice, and MILLER and VINSON, Associate Justices.

MILLER, Associate Justice.

Appellant was convicted in the trial court of negligent homicide. We took the case to determine whether statements made by him to police officers were properly received in evidence.

In support of its case, the Government offered the testimony of four witnesses, in the following order: Dr. Richard L. Hawkins, Lionel Couture, Dr. R. M. Rosenberg, and Sergeant William J. Liverman. The second and fourth witnesses were police officers. Lionel Couture testified, generally, concerning conditions which he found at the scene of the accident shortly after it occurred. He then testified, over objection, concerning a conversation with the accused immediately after the accident. Sergeant Liverman, the last of the four witnesses, testified concerning another later conversation with the accused. He was not a witness of conditions at the scene of the accident and, appropriately, his testimony was reserved until the last. Generally speaking the order in which evidence shall be presented to a jury is controlled by the trial judge.[1] If he receives evidence out of its logical order it may become necessary, later, for him to strike it from the record and instruct the jury to disregard it;[2] or perhaps to declare a mistrial.[3] But if sufficient evidence is presented by the

Mr. Francis J. Kelly, with whom Mr. J. Louis O'Connor, both of Washington, D. C., was on the brief, for appellant.

[1] Thiede v. Utah Territory, 159 U.S. 510, 519, 16 S.Ct. 62, 40 L.Ed. 237; Murray v. United States, 53 App.D.C. 119, 124, 288 F. 1008, 1013, certiorari denied 262 U.S. 757, 43 S.Ct. 703, 67 L.Ed. 1218; Dunlap v. United States, 7 Cir., 70 F.2d 35, 37, certiorari denied 292 U.S. 653, 54 S.Ct. 863, 78 L.Ed. 1502.

[2] Rossi v. United States, 9 Cir., 278 F. 349, 353. Cf. Pennsylvania Co. v. Roy, 102 U.S. 451, 460, 26 L.Ed. 141; Throckmorton v. Holt, 180 U.S. 552, 567, 21 S. Ct. 474, 45 L.Ed. 663.

[3] Hopt v. Utah, 120 U.S. 430, 438, 7 S.Ct. 614, 618, 30 L.Ed. 708: "It is true, in some instances, there may be such strong impressions made upon the minds of a jury by illegal and improper testimony, that its subsequent withdrawal will not remove the effect caused by its admission; and in that case the original objection may avail on appeal or writ of error. But such instances are exceptional." Remus v. United States, 6 Cir., 291 F. 501, 510, certiorari denied 263 U.S. 717, 44 S.Ct. 180, 68 L.Ed. 522. See United States v. Josef Perez, 22 U.S. 579, 9 Wheat. 579, 6 L.Ed. 165. Cf. Copeland v. United States, 55 App.D.C. 106, 2 F.2d 637, certiorari denied 266 U.S. 629, 45 S. Ct. 128, 69 L.Ed. 476; De Camp v. United States, 56 App.D.C. 119, 10 F.2d 984; Throckmorton v. Holt, 180 U.S. 552, 21 S.Ct. 474, 45 L.Ed. 663.

Government, before it closes its case, to show the relevance, materiality, or other factor of admissibility of the challenged evidence, then no prejudice results to the accused.[4]

Both appellant and the Government rely upon the case of Forte v. United States[5] to establish their conflicting contentions concerning the disputed testimony. In the Forte case we stated the applicable rule governing the reception in evidence of extrajudicial *confessions*. In the present case appellant's statements to the officers were admissions made by appellant as exculpatory statements,[6] rather than confessions. He did not in those conversations acknowledge guilt of crime,[7] any more than he did in his testimony at the

trial. The rules governing the reception in evidence of such admissions are much less onerous than those concerning confessions.[8] But it is not necessary to draw the fine line of demarcation between the two, in order to decide this case, because, as we shall show, even under the requirements of the rule concerning confessions, appellant's statements were properly received in evidence.

Briefly stated the rule of the Forte case is that (1) there can be no conviction of an accused person in a criminal case upon an uncorroborated extrajudicial confession; (2) such corroboration is not sufficient if it tends merely to support the confession without also embracing substantial evidence touching and tending to prove

[4] Beavers v. United States, 6 Cir., 3 F. 2d 860, 862; Gladstone v. United States, 9 Cir., 248 F. 117, certiorari denied 247 U.S. 521, 38 S.Ct. 582, 62 L.Ed. 1246; Smith v. United States, 8 Cir., 284 F. 673, certiorari denied 261 U.S. 617, 43 S. Ct. 362, 67 L.Ed. 829.

[5] Forte v. United States, 68 App.D.C. 111, 94 F.2d 236, 127 A.L.R. 1120. Certified on question of validity of bill of exceptions, 302 U.S. 220, 58 S.Ct. 180, 82 L.Ed. 209.

[6] 3 Wigmore, Evidence, 3d Ed. 1940, § 821(2); People v. Gibbs, 349 Ill. 83, 89, 181 N.E. 628, 630; Dimmick v. United States, 9 Cir., 116 F. 825, 831, certiorari denied 189 U.S. 509, 23 S.Ct. 850, 47 L. Ed. 923. See Gulotta v. United States, 8 Cir., 113 F.2d 683, 686.

[7] 3 Wigmore, Evidence, 3d Ed. 1940, § 821: "What is a confession? Denials, guilty conduct, and self-contradictions, distinguished. A confession is *an acknowledgment in express words*, by the accused in a criminal case, *of the truth of the guilty fact charged* or *of some essential part of it*. It is to this class of statements only that the present principle of exclusion applies. In this sense, therefore, there are in particular three things which fall *without* the meaning of the term 'confession', and are thus not affected in any way by the present rules, namely, (1) guilty conduct, (2) exculpatory statements, and (3) acknowledgments of subordinate facts colorless with reference to actual guilt." [Italics supplied in part.] See Hartzell v. United States, 8 Cir., 72 F.2d 569, 577, certiorari denied, 293 U.S. 621, 55 S.Ct. 216, 79 L.Ed. 708. Cf. Ex parte Tozier, D.C.Me., 2 F.2d 268, affirmed sub. nom. Howes v. Tozer, 1 Cir., 3 F.2d 849, 851.

[8] Dimmick v. United States, 9 Cir., 116 F. 825, 831, certiorari denied, 189 U.S. 509, 23 S.Ct. 850, 47 L.Ed. 923; State v. Foot, 100 Mont. 33, 46, 48 P.2d 1113, 1118; Hulst v. State, 123 Fla. 315, 320, 166 So. 828, 830; People v. Gibbs, 349 Ill. 83, 89, 181 N.E. 628, 630. See 3 Wigmore, Evidence (3d ed. 1940) §§ 816, 821; 4 id. §§ 1049, 1050, 1051, 1053; 2 Wharton's Criminal Evidence, 11th Ed. 1935 § 580. See, also, Perovich v. United States, 205 U.S. 86, 91, 27 S.Ct. 456, 458, 51 L.Ed. 722: "Again, it is alleged that there was error in overruling a motion made by defendant to strike out all the testimony given by a deputy marshal of conversations between him and the defendant. As these conversations were not induced by duress, intimidation or other improper influences, but were perfectly voluntary, *there is no reason why they should not have been received.*" [Italics supplied.] United States v. Larkin, 26 Fed.Cas. 866, No. 15,561; Wine v. United States, 8 Cir., 260 F. 911, 916, certiorari denied 253 U.S. 484, 40 S.Ct. 481, 64 L.Ed. 1024; Miller v. United States, 7 Cir., 53 F.2d 316, 317: "The only evidence which can be considered as hearsay is the testimony of the officers as to what appellant and Moore said at the time of their arrests. These statements were not only admissible as admissions of the parties, but they were corroborated by the testimony of appellant and Moore. In admitting this evidence there was no error." Hartzell v. United States, 8 Cir., 72 F.2d 569, 577, certiorari denied, 293 U.S. 621, 55 S.Ct. 216, 79 L.Ed. 708; Murray v. United States, 53 App.D.C. 119, 124, 288 F. 1008, 1013, certiorari denied 262 U.S. 757, 43 S.Ct. 703, 67 L.Ed. 1218. Cf. Warszower v. United States, 312 U.S. 342, 347, 61 S.Ct. 603, 85 L.Ed. 876.

each of the main elements or constituent parts of the corpus delicti; (3) however, such corroborating evidence need not, independent of the confession, establish the corpus delicti beyond a reasonable doubt; (4) if there is substantial evidence of the corpus delicti, independent of the confession, and the two, together, are convincing beyond a reasonable doubt of a defendant's guilt, that is sufficient. And the rule was clearly restated in George v. United States.[9]

■■ Applying this rule, therefore, the question is whether the corroborating evidence was sufficient in the present case. In answering this question we must consider all the evidence; not merely that presented by the Government. This results from the fact that, although appellant objected to the challenged testimony when it was first offered and, again, by his motion for a directed verdict, at the close of the Government's case, nevertheless he then proceeded to the presentation of his own case and testified in his own behalf to most of the same facts as those which appear in his statements to the officers.[10] His testimony thus constituted a judicial admission[11] and operated as an express waiver, with the same effect as an admission made in a pleading or in a stipulation.[12]

■ In the present case the corpus delicti consists of three elements, (1) the death of a human being, (2) by the instrumentality of a motor truck, (3) operated "at an immoderate rate of speed or in a careless, reckless, or negligent manner, but not wilfully or wantonly * * *".[13] It is not disputed that the first two elements were proved. In his brief appellant says: "It is submitted that to kill a person with an automobile is not a crime, and that is all that the Government proved aliunde the admissions of defendant."

It is with reference to the third element of the corpus delicti that the issue has been drawn; namely whether there was substantial evidence, apart from appellant's extrajudicial admissions, that the truck was being driven at an immoderate rate of speed or in a careless, reckless or negligent manner. As to this appellant concedes "that had the Government proven that the decedent was struck in the crosswalk where he had the paramount right to be, that the Government would have made out a prima facie case which together with the admissions would have been sufficient to overrule a motion for a directed verdict." But the bill of exceptions which was signed by the trial judge shows that appellant while testifying in his own behalf stated as follows: " * * * that the deceased was about twenty-five or thirty feet from the defendant when defendant first saw him and was walking toward the north side of M Street *in the sidewalk lane on the west side of New Hampshire Avenue.*" [Italics supplied.] His entire testimony as it appears in the bill of exceptions reads as follows: "That he was operating the concrete truck east on M Street; that he was in the center lane of traffic on M Street, approaching New Hampshire Avenue, intending to go north on New Hampshire Avenue and there was a lane of traffic to his right; that an automobile on his right, traveling in the same direction, obstructed his view of the pedestrian until it turned into the gasoline station, at which time it was too late to stop; that the deceased was about twenty-five or thirty feet from the defendant when defendant first saw him and was walking toward the north side of M Street *in the sidewalk lane* on the west side of New Hampshire Avenue; that the deceased walked into the truck without looking for traffic from the direction the truck

[9] 75 U.S.App.D.C. 197, 125 F.2d 559, 563.

[10] Murray v. United States, 53 App.D.C. 119, 126, 288 F. 1008, 1015, certiorari denied 262 U.S. 757, 43 S.Ct. 703, 67 L.Ed. 1218. See Perovich v. United States, 205 U.S. 86, 91, 27 S.Ct. 456, 51 L.Ed. 722.

[11] 9 Wigmore, Evidence, 3d Ed. 1940, § 2588; Miles v. United States, 103 U.S. 304, 308, 313, 26 L.Ed. 481; United States v. Vigorito, 2 Cir., 67 F.2d 329, certiorari denied, 290 U.S. 705, 54 S.Ct. 373, 78 L.Ed. 606. See United States v. Knoell, D.C.E.D.Pa., 230 F. 509, 512, affirmed, 3 Cir., 239 F. 16, 21, error dismissed 246 U.S. 648, 38 S.Ct. 316, 62 L. Ed. 920.

[12] 9 Wigmore, Evidence, 3d Ed. 1940, §§ 2588, 2590; Smith v. United States, 61 App.D.C. 344, 62 F.2d 1061; Leyer v. United States, 2 Cir., 183 F. 102, 104.

[13] D.C.Code (1940) § 40—606, 49 Stat. 385: "Any person who, by the operation of any vehicle at an immoderate rate of speed or in a careless, reckless, or negligent manner, but not wilfully or wantonly, shall cause the death of another, shall be guilty of a misdemeanor, and shall be punished by imprisonment for not more than one year or by a fine of not more than $1,000 or both."

was coming; that defendant had been working for the Super Concrete Company for about three and a half years and had been driving this truck or one of a similar type for that period of years; that when he struck the man, the truck had been slowed up some, but not much, by the application of the brakes; that the truck was loaded with about five tons of concrete; that the truck was equipped with mechanical booster brakes; that these brakes don't act right away, but as you apply the brakes, the booster goes into operation and then the brakes start to take hold; that the brakes on the truck had just started to take hold when he struck the man; that the man had reached a point about four or five feet from the center of M Street at the time he was struck." [Italics supplied.]

█ The rule of corroboration, it will be remembered, does not require proof beyond a reasonable doubt. Neither does it require direct evidence. Circumstantial evidence may be sufficient for the purpose; as, indeed, it may be to prove that an accused is guilty as charged.[14] In addition to appellant's testimony, and apart from the admissions to which objection was made, the Government's witnesses testified to the following facts among others: (1) Dr. Hawkins responded to an ambulance call at M Street and New Hampshire Avenue, N. W., where he found a dead man lying on the street with the right side of his head mashed in and his brains strewn all over the road; (2) Lionel Couture, a police officer arrived at the scene at approximately 7:10 A. M. on April 23, 1941, and found the body lying in the northwest corner of the intersection of New Hampshire Avenue and M Street, N. W.; the weather was cloudy, the streets were dry, it was daylight; (3) there were "scuff marks" on the street in the crosswalk; (4) the truck, loaded with three and a half tons of concrete was parked on the east side of New Hampshire Avenue; (5) there were no marks on the truck except that upon the front license plate, which was right in the center of the truck, "there were some clothing impressions"; (6) the witness (Couture) saw appellant at the scene of the accident; (7) witness Couture tested the brakes of appellant's truck immediately after the accident and, at a speed of twenty miles per hour, the truck stopped within forty feet after the brakes were applied; (8) the horn on the truck was in good condition.

█ It does not require further demonstration to show that much of this evidence bore directly upon the speed at which appellant drove his truck and the care or carelessness with which he was driving. The vehicle under his control was of tremendous size and weight—facts also described fully to the jury—it was potentially dangerous to pedestrians; it was being driven on a busy city street; at a rate of speed which made it impossible to stop—according to his own testimony—when he first saw the deceased, approximately twenty-five to thirty feet away; and this in spite of the fact that the traffic in the lane to his right obstructed his view and should have made him even more careful. We conclude, therefore, that there was sufficient evidence, touching the corpus delicti, and the whole of it, to satisfy the rule declared in the Forte case, and that the judgment of the trial court must be affirmed.

Affirmed.

---

[14] Sanford v. United States, 69 App.D. C. 44, 45, 98 F.2d 325, 326; Perovich v. United States, 205 U.S. 86, 91, 27 S.Ct. 456, 457, 51 L.Ed. 722: "While it is true there was no witness to the homicide and the identification of the body found in the cabin was not perfect, owing to its condition, caused by fire, yet, taking all the circumstances together, there was clearly enough to warrant the jury in finding that the partially burned body was that of Jaconi and that he had been killed by the defendant."; Crumpton v. United States, 138 U.S. 361, 362, 363, 11 S.Ct. 355, 34 L.Ed. 958.