## HALL v. UNITED STATES.

No. 125.

Municipal Court of Appeals for the District of Columbia.

Nov. 26, 1943.

Clyde C. Freeman, of Washington, D. C., for appellant.

Joseph F. Lawless, Jr., Asst. U. S. Atty., of Washington, D. C. (Edward M. Curran, U. S. Atty., and John P. Burke, Asst. U. S. Atty., both of Washington, D. C., on the brief), for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

CAYTON, Associate Judge.

Defendant appeals from a conviction on a charge of soliciting prostitution. Code 1940, § 22—2701. The testimony was of such a nature that we feel it should be stated euphemistically here.

Officer Bryant testified that he and Officer Nelson were on duty in Franklin Park on the night in question. About 11:30 p. m. they observed defendant, seated on a park bench, in a highly suggestive position, her dress greatly elevated. As they passed in front of her she addressed an enticing question to them; a price of $5 and certain other details were discussed, including the matter of a room and when it would be available. When the officers attempted to sit down near the defendant she cautioned them not to do so because the police were "too hot".

Officer Nelson gave testimony to the same effect. He also testified that when he asked the defendant where they could go she replied that they could go to a room on 7th Street, but that it would not be available until midnight.

Defendant moved for an acquittal on the ground of insufficiency of the evidence. The motion being denied, she took the stand in her own behalf. The statement of proceedings and evidence does not give her testimony in detail, but recites that it substantially corroborated the testimony of the two officers concerning the way she was sitting and the conversation between them. When the judge asked her what she understood the $5 was to be paid for, she remained silent.

Upon this showing, judgment of guilt was pronounced.

Several assignments of error are listed in the brief, but the appeal seems to turn on three principal grounds: (1) Refusal to acquit on the government's case; (2) im-

proper weight given to the assumption of one of the officers as to what the $5 was to be paid for, and (3) insufficiency of the whole evidence to support the conviction.

■ 1. We have previously held[1] that a defendant by offering evidence in her own behalf waives her rights under a motion for dismissal, made at the conclusion of government's case.

■ 2. The officer's opinion or assumption as to what consideration the $5 payment would cover was elicited by defense counsel on cross-examination of the officer. Having himself brought about the introduction of the evidence, he cannot complain that it was inadmissible.[2] Moreover, he could hardly have expected any other answer, in view of what had already been developed in the trial.

3. Appellant cites us to Williams v. United States, 71 App.D.C. 377, 110 F.2d 554, and relies on that decision as a basis for reversal. The situation in that case was entirely different from the one before us. There the defendant approached a policeman's car, asked him if he wanted a "date", invited herself into the automobile and asked if he wanted to drive and talk. That was held too ambiguous to constitute solicitation of prostitution.

■ In the case before us there is neither doubt nor ambiguity. In no view can this be regarded as an innocent flirtation. The hour of the night, the provocative position of defendant on the park bench, the physical blandishment, the challenging verbal invitation, the prompt discussion of financial terms, the ready arrangement for a room—all stamp the transaction as unmistakably commercial and defendant's conduct as a clear act of soliciting and a violation of the law.

■ If there had been any slight remaining doubt as to guilt, we think it was removed when defendant, who had voluntarily taken the stand, made no answer to the critical question above referred to, put to her by the judge. If she had an explanation, that was an excellent time to make it, and contradict her accusers. But she met the opportunity with complete silence. The Supreme Court has pointed out[3] that when an accused takes the stand he "may not stop short in his testimony by omitting and failing to explain incriminating circumstances and events already in evidence, in which he participated and concerning which he is fully informed, without subjecting his silence to the inferences to be naturally drawn from it."

Affirmed.

---

[1] Rogers v. District of Columbia, D.C. Mun.App., 31 A.2d 649. Citing Smith v. United States, 61 App.D.C. 344, 62 F.2d 1061. See also, Ercoli v. United States, 76 U.S.App.D.C. 360, 131 F.2d 354.

[2] Hood v. United States, 8 Cir., 14 F.2d 925.

[3] Johnson v. United States, 63 S.Ct. 549, 553, 87 L.Ed. ——, quoting from Caminetti v. United States, 242 U.S. 470, 37 S.Ct. 192, 61 L.Ed. 442, L.R.A.1917F, 502, Ann. Cas.1917B, 1168.