## FOSTER v. UNITED STATES.
### No. 11770.

United States Court of Appeals, District of Columbia Circuit.

Argued Feb. 23, 1954.

Decided April 15, 1954.

Petition for Rehearing Denied May 17, 1954.

Mr. Charles A. Schaeffer, Washington, D. C., for appellant.

Mr. Lewis A. Carroll, Asst. U. S. Atty., Washington, D. C., with whom Messrs. Leo A. Rover, U. S. Atty., and William B. Bryant, Asst. U. S. Atty., Washington, D. C., at time brief was filed, were on the brief, for appellee. Mr. William R. Glendon, Asst. U. S. Atty., Washington, D. C., at time record was filed, entered an appearance for appellee.

Before BAZELON, WASHINGTON and DANAHER, Circuit Judges.

DANAHER, Circuit Judge.

This is a larceny case. D.C.Code 1951, Tit. 22, § 2201. Short of training a television camera on the scene, it is difficult to think of anything the prosecuting authorities might otherwise have done to complete the picture of the offense in progress. However, the appellant asserts that the jury erroneously "was permitted to render a larceny verdict notwithstanding the fact that no property was marked for or offered in evidence at the time of the trial." The jury could have found that on at least ten or twelve occasions prior to November 6, 1952 the appellant and a companion, always in the same car, had driven up to a business establishment on Rhode Island Avenue. Each time they separated before entering the store and were never together while inside. On the day in question the car was driven to a point near the loading platform, whereupon

---

appellant's companion, now a fugitive, entered the store, to be followed shortly thereafter by the appellant who also entered and made a purchase. The passenger left the store by the front door, picked up a carton, stepped off the loading platform, placed the carton in the back seat of the car and covered it with a blanket, and then commenced walking rapidly away, and disappeared. The sales manager of the store observed the scene from his desk alongside the front window, took visual note of each of the described incidents, and next asked a clerk to keep one of the confederates under observation while he immediately went out the door across the loading platform. He observed that the unopened carton bore the shipping tag of his establishment, and that it was part of a shipment just delivered, which he identified as containing spark plugs of the value of approximately $200. Presently, when appellant came back out to the car, the sales manager desiring to see a sales slip for the merchandise, accosted the appellant who opened the car door, removed the blanket from the carton, and pulled it out on the pavement where it remained until an officer came.

The latter took the accused and the carton of spark plugs to the precinct where the carton was initialed for identification by the detective to whose custody the carton of plugs was transferred and at whose suggestion it was later opened. In due course, the carton and contents were turned over to the police property clerk who released the spark plugs to their owners to be sold in the regular course of business.

Virtually throughout the entire time, from the arrival of the two principals at the scene of the larceny until the arrest of the appellant and his transportation to the police precinct, the appellant was within the direct view of one or another of the Government's witnesses. His actions and his conversation were the subject of detailed testimony.

The jury could have found as to the defendant's version of the circumstances, that the truth was not in him. The court's charge submitted the appellant's claims in sharp contradistinction to the evidence introduced by the Government, and the jury was correctly instructed with reference thereto.

In urging reversal of the conviction, appellant relies upon Forte v. United States [1] which, however, has no application here. The Forte case ruled that the *corpus delicti* must be proved by substantial evidence independent of a confession. Appellant seems to urge that the instant case lacks proof of the *corpus delicti* either because the stolen spark plugs were not introduced in evidence or because the carton which formerly contained them was not made an exhibit, although identified in court. He chooses to disregard the eye-witness testimony and the language of the statute, D.C.Code 1951, Tit. 22, § 2201, which operates against one who " * * * shall feloniously take and carry away anything of value of the amount or value of $50 or upward * * *."

■■ To establish the *corpus delicti*, it was sufficient that the evidence proved that the crime charged had, in fact, been committed by someone.[2] The jury could properly thereafter find that the appellant was one of the perpetrators of that crime. There is no error.

Affirmed.

1. 1937, 68 App.D.C. 111, 94 F.2d 236, 127 A.L.R. 1120; and see Ercoli v. United States, 1942, 76 U.S.App.D.C. 360, 131 F.2d 354; and George v. United States, 1942, 75 U.S.App.D.C. 197, 125 F.2d 559.

2. See Mora v. United States, 5 Cir., 1951, 190 F.2d 749; United States v. DiOrio, 3 Cir., 150 F.2d 938, certiorari denied, 1945, 326 U.S. 771, 66 S.Ct. 175, 90 L. Ed. 465; United States v. Washington, D. C.Md.1946, 69 F.Supp. 143.