**Donald N. McGILTON, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 2147.**

Municipal Court of Appeals for the District of Columbia.

Argued March 17, 1958.

Decided April 7, 1958.

Rehearing Denied April 18, 1958.

Kenneth D. Wood, Washington, D. C., for appellant.

Harry T. Alexander, Asst. U. S. Atty., Washington, D. C., with whom Oliver Gasch, U. S. Atty., and Lewis Carroll and Jack Marshall Stark, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

McGilton and Gardener, on a joint information, were charged and convicted of petit larceny of property of Woodward

& Lothrop, a corporation. McGilton alone has appealed.

At trial neither defendant presented any evidence on his behalf, so the convictions rest entirely on the testimony of the two Government witnesses. One of these, a detective, testified that at about 2:20 p. m. on the day in question, he and a fellow officer were in an automobile and observed the defendants standing on the corner of 10th and Eye Streets, N. W., which is approximately one and a half blocks from Woodward & Lothrop's store; that they observed that Gardener had an electric clock in his hand and saw him tear a label from it and place the clock under his coat; that they approached the defendants and "after some conversation" placed Gardener under arrest; that at this time they observed a brown suede leather jacket sticking out from under McGilton's coat, and McGilton was also placed under arrest. In Gardener's coat pocket was found a metal yellow pillbox. The clock, pillbox and suede jacket were offered and received in evidence.

The detective also testified that both defendants at the time of their arrest admitted they had stolen the merchandise from Woodward & Lothrop and were trying to sell it in the street for the purpose of buying wine.

The other Government witness, a store detective employed by Woodward & Lothrop, identified the clock and pillbox by means of Woodward & Lothrop's labels glued to each, and on the basis of his personal knowledge that items of this type were sold in the store. He identified the suede jacket by its appearance and McGregor label as a type sold in the store, but could not postively identify it as coming from the store; and he admitted this type of jacket is sold in various stores in this city.

Appellant first contends that his arrest was illegal and that the jacket seized at the time of arrest should not have been received in evidence. His second contention is that even if the jacket was properly received in evidence, the evidence as a whole was insufficient to warrant a finding of guilt. We shall consider the second contention first.

■ Although the defendants were jointly charged and tried, we do not understand from the record or from the Government's brief that appellant was or could have been convicted of theft of the two articles found in possession of his co-defendant. We therefore confine our review to whether there was sufficient evidence to sustain a finding that appellant was guilty of larceny of the jacket. Independent of appellant's extrajudicial admission, the only evidence against him was that he was standing on the street about a block and a half from Woodward & Lothrop's store and had under his coat a jacket, presumably new although the record does not specifically state so, of a type sold at Woodward & Lothrop, and he was in the company of a man who had two articles which bore Woodward & Lothrop's tags. Against this evidence was the absence of any evidence that a jacket of this type had been taken, or was missing, from Woodward & Lothrop, and the admission that this same type of jacket was carried in stock by various other stores. This evidence standing alone was insufficient to establish the corpus delicti, that is, "that the crime charged had, in fact, been committed by someone";[1] for there was no proof that Woodward & Lothrop was the owner of the property or that it was lost to its owner by a felonious taking and carrying away.

■ Our question is whether the extrajudicial admission of appellant, when coupled with the independent evidence, formed a sufficient basis for a finding of guilt beyond a reasonable doubt. We have

1. **Foster v. United States,** 94 U.S.App.D.C. 83, 84, 212 F.2d 249, 250.

construed the Opper[2] and Smith[3] cases to require that "where an element of the corpus delicti is supplied by an admission alone, the prosecution must provide substantial independent evidence to show the trustworthiness of that admission."[4] But we have also construed those cases to require "substantial independent evidence that the offense was committed, * * *."[5]

■ While the independent evidence here gave some support to appellant's admission, it alone cannot be termed substantial evidence that the offense itself was committed. Our conclusion is that the evidence was insufficient to support a finding of guilt beyond a reasonable doubt. This makes it unnecessary to discuss the question of the validity of the arrest.

In conclusion we wish to say that this appeal has been prosecuted by an attorney appointed by this court, and we commend him for his able and conscientious presentation.

Reversed with instructions to enter a judgment of acquittal.

2. Opper v. United States, 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101, 45 A.L.R.2d 1308.

3. Smith v. United States, 348 U.S. 147, 75 S.Ct. 194, 99 L.Ed. 192.

4. Brinker v. District of Columbia, D.C. Mun.App., 122 A.2d 768, 771.

5. Sanderson v. United States, D.C.Mun. App., 125 A.2d 70, 73.
   "Thus, the independent evidence serves a dual function. It tends to make the admission reliable, thus corroborating it while also establishing independently the other necessary elements of the offense. Smith v. United States, 348 U.S. 147, 75 S.Ct. 194, 99 L.Ed. 192." Opper v. United States, 348 U.S. 84, 93, 75 S.Ct. 158, 164.