Tyrone WILLIAMS, Appellant,

v.

UNITED STATES, Appellee.

Benjamin L. SHORT, Appellant,

v.

UNITED STATES, Appellee.

Nos. 4803, 4804.

District of Columbia Court of Appeals.

Argued April 28, 1969.

Decided June 30, 1969.

J. Francis Pohlhaus for appellant Tyrone Williams.

Warwick R. Furr, II, for appellant Benjamin L. Short.

James A. Treanor, III, Asst. U. S. Atty., with whom David G. Bress, U. S. Atty., Frank Q. Nebeker and Oliver A. Houck, Asst. U. S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, and FICKLING and GALLAGHER, Associate Judges.

FICKLING, Associate Judge:

Appellants appeal from their convictions for petit larceny, D.C.Code, § 22–2202.

On April 7, 1968, Officer McDonald observed a car in a parking lot, some 20 feet from a burned out 7–11 store. Appellant Williams was observed putting something in the car's trunk which, upon investigation, turned out to be bottles of beer and wine. Two men were sitting on the back seat of the car where more bottles of beer and wine were found. All bottles were charred as if they had been in a fire. The officer noticed that Williams' hands were "dirty, gray-like, like he had his hands on some charred wood or something of that sort."

Appellant Short was merely standing near the right side of the car, somewhere between the car and the store. The officer did not notice anything on his hands. There was no evidence that Short knew Williams or the men in the car.

The roof of the store had caved in and the officer testified that anyone entering the store would have had to stoop down and would have had to come in contact with some of the charred material. He did not notice any dirt or dust on the clothes of Williams or Short although he patted down each of them for weapons.

Howard Thompson, the franchisee of the store, testified that the store had been burned and looted on Friday, April 5, and that, when he went to the store on April 6, it had been cleaned out of merchandise. He did not know whether any merchandise remained in the storeroom in the back of the store as the roof had collapsed and he had not wanted to enter the store. The storeroom contained inventory which was not marked until it was put on the shelves. The beer and wine found in the car were not marked and Thompson could not identify them as having come from his store. He further testified that he sold those brands of beer and wine, and that there was another liquor store in the neighborhood.

 The Government contends that Short's conviction should be upheld on the theory that he was an aider and abetter under D.C. Code 1967, § 22–105.[1] At oral argument, however, the Government conceded that the only evidence against Short was his presence near the car and the 7–11 store. It is well settled that mere presence at the scene of a crime, without more, cannot support a conviction for aiding and abetting.[2] Since the evidence against Short merely showed his presence at the scene, his conviction must be reversed.

 The evidence is also legally insufficient to support the conviction of Williams for petit larceny. In order to establish the corpus delicti, the Government must prove that the property was lost by the owner as a result of a felonious taking.[3] As stated by the courts of this jurisdiction, the corpus delicti consists of proof that the crime charged was committed by someone.[4]

In the instant case, Thompson testified that the store had been cleaned out of merchandise the day before the incident in question and that he did not know if anything was left in the storage room. Although he testified that beer and wine were in the storage room when he closed for business on April 5, there was no testimony as to whether any of it was missing or was still there after the events of that weekend. Nor was he able to identify the beer and wine found in the car as having come from his store or storeroom.[5] Thus,

---

1. D.C.Code 1967, § 22–105 provides in part:

 In prosecutions for any criminal offense all persons advising, inciting, or conniving at the offense, or aiding or abetting the principal offender, shall be charged as principals * * *.

2. United States v. Williams, 341 U.S. 58, 64, 71 S.Ct. 595, 95 L.Ed. 747 n. 4 (1951); Bailey v. United States, U.S. App.D.C. (No. 21,428, decided March 7, 1969); Corbin v. United States, D.C. App., 237 A.2d 466 (1968). *See also* 22 C.J.S. Criminal Law § 88(2)d (1961).

3. 52A C.J.S. Larceny § 129(5) (1968).

4. Foster v. United States, 94 U.S.App.D.C. 83, 212 F.2d 249 (1954); cert. denied, 348 U.S. 845, 75 S.Ct. 69, 99 L.Ed. 666 (1954); McGilton v. United States, D.C. Mun.App., 140 A.2d 190 (1958).

5. One of the essential elements of petit larceny is a showing of ownership or right to possession in the property allegedly stolen. Anderson v. State, 3 Md.App. 85, 237 A.2d 813 (1968); Washington v. United States, D.C.App., 213 A.2d 819 (1965); Nelson v. United States, D.C. Mun.App., 142 A.2d 604 (1958). Here, Thompson testified that his store sold those brands of beer and wine, but he

the Government did not sustain its burden of showing that the crime of larceny of beer and wine had been committed. *See McGilton, supra* n. 4.

We also note that the officer's testimony indicated that it was not likely that Williams had been inside the store since there was no charcoal dust or dirt on his clothes.

For the above reasons we reverse both cases with instructions to enter judgments of acquittal.

Reversed with instructions to enter judgments of acquittal.

could not testify that the unmarked bottles had come from his store or storeroom

or that any merchandise was missing from the storeroom.